## Short v. Steacker

James J. Auchinleck, Jr., of Begley, Carlin, Mandio and Popkin, for plaintiff.

Martin J. Corr, of Connolly, McAndrews, Kihm and Stevens, for defendant.

BODLEY, J., June 27, 1978—We have before us for consideration under Bucks County Rule *266 plaintiff's motion to quash defendant's appeal from a judgment entered against him by a district justice pursuant to Rule 319B of the Pennsylvania Rules for Justices of the Peace.

Rule 319B provides: "If the defendant does not appear at the hearing, the justice of the peace shall, whether or not the plaintiff appears, enter judgment for the plaintiff or continue the case for cause. . . ."

A similar rule is found to cover the instances where a plaintiff fails to appear (Rule 319A). In such case a judgment may be entered against plaintiff. The right of appeal from the entry of a judgment by a district justice is found in Rule 1002. It provides: "A party aggrieved by a judgment may appeal therefrom within twenty (20) days from the date of judgment by filing with the prothonotary of the court of common pleas a notice of appeal. . . ." However, Rule 1001(1) defines "judgment" as a judgment "rendered by a justice of the peace under

Rule 322 or Rule 514." Plaintiff therefore argues that by definition no appeal lies for defendant from a judgment entered under Rule 319B. We cannot agree.

Both Rules 322 and 514 relate to the entry of judgments following hearing whereas 319B obviously relates to a default judgment. Although we cannot attempt to explain the failure of the term "judgment," as defined in Rule 1001(1), to include a "judgment" entered by default under 319B, we are satisfied that every litigant, be it plaintiff or defendant, is entitled to his day in court following the entry of a default judgment by a district justice, and we so hold.

We may note in passing that the commentary following Rule 319 speaks only to subdivision A and notes that the provision is intended to prevent a plaintiff from reinstituting the same action before a justice of the peace after having failed to attend the scheduled hearing to prosecute his case upon notice to do so. The author goes on to state, however, that "he [plaintiff] can appeal" from such a default judgment of non pros. A fortiori, a defendant against whom a money judgment has been entered by default must be afforded an appeal. To deny a defendant so situated the right of appeal would be a denial of due process of law and certainly could not have been the intention of the rule makers.

## ORDER

And now, June 27, 1978, plaintiff's petition to quash the appeal is denied and dismissed, and the rule heretofore granted thereon is discharged. Leave is granted defendant to file an answer to plaintiff's complaint within 30 days from the date hereof.